## Case No. 6,223.

### In re HAUGHTON.

[1 N. B. R. 460 (Quarto, 121).] [1]

District Court, S. D. New York.　1868.

**BANKRUPTCY—PETITION IN—AMENDMENTS.**

Where a petition averred that acts were committed by bankrupt, in contemplation of bankruptcy and insolvency, and evidence of insolvency only was given, the petition should be amended accordingly.

[Cited in Re Gallinger, Case No. 5,202.]

[This was a proceeding in bankruptcy by Hill, Hardy & Whitfield against Joseph Haughton.]

G. A. Seixas, for creditors.
Brown, Hall & Vanderpool, for debtor.

BLATCHFORD, District Judge. The petition in this case was filed on the 20th of January, 1868. It alleges as acts of bankruptcy, that the debtor, on the 24th of December, 1867, at New York, being in contemplation of bankruptcy and insolvency, procured and suffered his property to be taken on legal process in favor of Nicholas Haughton, namely, upon an execution issued to the sheriff of the city and county of New York upon a judgment entered against him in the New York supreme court by Nicholas Haughton for $913.92, with intent thereby to give a preference to Nicholas Haughton, and with the intent, by such disposition of his property, to defeat and delay the operation of the bankrupt act [of 1867 (14 Stat. 517)], and which judgment was entered up on an offer made by him on the 9th of December, 1867, to said Nicholas Haughton, to allow judgment to be entered against him for $802 and costs, which offer was accepted by Nicholas Haughton on the 13th of December, 1867, and said judgment was thereupon entered on the 18th of December, 1867, in accordance with the provisions of the Code of Procedure of the state of New York, that the debtor, on the 24th of December, 1867, being in contemplation of bankruptcy and insolvency, procured and suffered his property to be taken on legal process in favor of Bernard Reilly, namely, upon an execution issued to the sheriff of the city and county of New York upon a judgment entered against him in the common pleas for the city of New York by said Reilly, for the sum of $2,556.17, with intent thereby to give preference to said Reilly, and with the intent, by such disposition of his property, to defeat and delay the operation of the bankrupt act, and which judgment was entered against the debtor in an action brought by said Reilly in said court to recover the sum of $2,000, interest, and costs, and in which action the debtor made no defence, and allowed, suffered, and permitted said judgment to be entered against him by default on the 5th of De-

---

[1] [Reprinted by permission.]

-cember, 1867. The debtor having appeared in this court, under an order to show cause, on the 1st of February, 1868, and denied the act of bankruptcy alleged in the petition, and demanded a trial by the court, a reference was made to a commissioner of the circuit court, under section 38 of the act, to take testimony in regard to the matters alleged in the petition, and report the same to the court. Under this order of reference a large amount of testimony has been taken. Certified copies of the records of the two judgments have been introduced, and the testimony of two of the members of the firm of the petitioning creditors, of Isaac Rosenthal and Albert Cornell, creditors, of John Kelly, the sheriff, and of Bernard Reilly and Nicholas Haughton, the judgment creditors in the two judgments, has been taken. The facts set forth in the petition are fully proved, and it satisfactorily appears therefrom that the debtor, being in contemplation of insolvency, and being in fact insolvent, did, at the time named in the petition, namely, on the 24th of December, 1867, suffer what amounted substantially to all the property he had, to be taken on executions issued on the judgments named in the petition, which were recovered in the manner set forth in the petition, with intent to give a preference to the judgment creditors. This is, under section 39 of the act, ground for an adjudication of bankruptcy; the other particulars required by that section to warrant an adjudication being shown to exist. The petition alleges that the debtor committed the acts, "being in contemplation of bankruptcy and insolvency"; no proof is given that he was "in contemplation of bankruptcy" as the meaning of that term is held by this court. The creditors may amend their petition by striking out the words "being in contemplation of bankruptcy and insolvency" when they twice occur in the petition, and by inserting instead the words "being insolvent or in contemplation of insolvency." When this is done, an order of adjudication of bankruptcy will be entered.